UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEANNA K., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 23-05886-MLP <br><br> ORDER |

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her applications for Disability Insurance Benefits and Supplemental Security Income.[1] Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating her testimony and the medical opinion evidence. (Dkt. # 12.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1970, has a high school education, and last worked as a caregiver. AR at 91, 105. Plaintiff was last gainfully employed in February 2017. *Id.*

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

In July 2018, Plaintiff applied for benefits, alleging disability as of February 2017. AR at 13. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 211. After the ALJ conducted a hearing in November 2020, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 151-74. The Appeals Council granted Plaintiff's request for review and remanded her claims for a new hearing. *Id.* at 175-78. The Appeals Council's remand order did not disturb the prior findings. Instead, it directed the ALJ to consider evidence that had been submitted, but not formally entered into the record. Following a new hearing in June 2022, the ALJ once again found Plaintiff not disabled. *Id.* at 10-40.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff has the residual functional capacity ("RFC") to perform light work with some exceptions. She can occasionally climb ramps and stairs, balance, stoop, crouch, and kneel, but cannot climb ladders, ropes, or scaffolds, or crawl. She can frequently handle and finger with her right hand and occasionally reach overhead with her left hand. She can perform simple and detailed tasks that can be learned within 30 days. She should not have public contact, but can occasionally interact with coworkers, excluding teamwork or collaborative tasks. She needs the options to switch between sitting and standing in 30-to-60-minute intervals. She occasionally requires a cane for walking. AR at 18.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 4-9. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

//

//

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 2

### III.     LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

### IV.     DISCUSSION

**A.     The ALJ Did Not Err in Evaluating Medical Opinion Evidence**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An

ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

### 1. David Morgan, Ph.D.

In October 2018, Dr. Morgan evaluated Plaintiff and reported that she had significant functional limitations expected to last for ten months. AR at 805-08. The ALJ found this unpersuasive due to its inconsistency with Plaintiff's benign psychiatric findings, as well as the temporary nature of the assessed limitations. AR 27; *see Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (ALJ may reject opinion contradicted by objective evidence in the medical record); *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir. 1989) (ALJ not required to accept opinion that did not meet the durational requirements). Contrary to the extensive marked impairments opined by Dr. Morgan, the ALJ highlighted that Dr. Morgan's only abnormal finding concerned Plaintiff's immediate memory. AR at 27 (citing *id.* at 807-08). Furthermore, the ALJ noted that Plaintiff's psychiatric exam findings were routinely within normal limits, including normal mood, affect, and behavior. *Id.* (citing *id.* at 799-828).

Plaintiff contends that the ALJ failed to support her reasoning with substantial evidence, (dkt. # 13 at 3-4), but this argument fails to challenge the ALJ's analysis or identify a specific error in the decision. *See Molina*, 674 F.3d at 1111 (burden of showing harmful error is on party attacking an agency's determination). Plaintiff's conclusory assertion also fails to meet the requirements necessary to present an issue for appellate review. *See Putz v. Kijakazi*, 2022 WL 6943095 (9th Cir. Oct. 12, 2022). The Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). The Court thus affirms the ALJ's evaluation of Dr. Morgan's opinion.

        *2.*      *Patricia Wooden, M.D.*

In October 2018, Dr. Wooden evaluated Plaintiff and reported that she was unable to lift any weight, sit for extended periods, or walk or stand for more than brief periods. AR at 799-803. Dr. Wooden reiterated these limitations in supplemental opinions she provided in April 2020 and June 2022. *Id.* at 2071-74, 3619-21. The ALJ found these opinions unpersuasive because they lacked support and were inconsistent with the longitudinal record. *Id.* at 21, 26, 28-29.

In contrast to the alleged physical impairments, the ALJ highlighted that treatment records consistently documented normal physical exam findings. AR at 21 (citing *id.* at 704, 1039, 1060, 1180, 1249). The ALJ also noted that Dr. Wooden's treatment notes failed to corroborate the severe limitations she opined. *Id.* For instance, Dr. Wooden recommended that Plaintiff increase activity and reported that Plaintiff's leg pain had improved (*id.* at 868); and observed Plaintiff with normal range of motion, mood, affect, and behavior. *Id.* at 1132. The ALJ found these observations inconsistent with her opinion that Plaintiff's depression and anxiety were not well controlled and she had severe debilitating physical limitations. *Id.* at 1137.

The ALJ further noted that the psychological limitations Dr. Wooden alleged were beyond her scope as a general practitioner and did not align with her treatment relationship with Plaintiff. AR at 28-29. Despite this, the ALJ pointed out that Dr. Wooden routinely observed Plaintiff with a normal mood and effect, which was inconsistent with the severe psychiatric limitations she reported. *Id.* at 850-51, 868-69, 875-77, 884, 902, 933-34, 1179. Even when Plaintiff reported anxiety, Dr. Wooden noted Plaintiff was seeing a psychiatrist, observed her as "negative for decreased concentration and nervous/anxious," and reported her mood, affect, and behavior as normal. *Id.* at 1105-06. The ALJ also explained that her assessment of Plaintiff's

ORDER - 5

1 "extreme" limitations in social interaction was inconsistent with Plaintiff's record of cooperation
2 and positive interactions with providers. *Id.* at 28 (citing *e.g.*, *id.* at 455, 807-08, 2468).

3       Plaintiff argues that the ALJ erred by playing doctor, contending that the ALJ's citations
4 do not contradict Dr. Wooden's opinions, that Dr. Wooden was qualified to comment on her
5 mental limitations, that some records support findings of moderate to severe lumbar conditions,
6 that there is no evidence she improved enough to work, and that the ability to interact with
7 treatment providers does not mean she could interact in a competitive work environment. (Dkt.
8 # 12 at 4-7.) This argument fails to establish error because it is the Commissioner who is
9 responsible for translating clinical findings into a succinct RFC. *Rounds v. Comm'r of Soc. Sec.*
10 *Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Furthermore, it fails to articulate an error in the
11 ALJ's decision or to engage with the ALJ's reasoning. Even assuming Plaintiff's view of the
12 evidence is reasonable, the Court cannot say that the ALJ's evaluation is unreasonable or
13 unsupported. As such, the Court is required to affirm the ALJ's determination on this matter.
14 *Thomas*, 278 F.3d at 954.

15               3.     *Leanne Williams, NP*

16       In September 2020, NP Williams indicated that Plaintiff's pain would interfere with her
17 ability to work, she would be off task 20% of an 8-hour workday, and she would miss more than
18 16 hours of work per month. AR at 2077-79. The ALJ discounted NP Williams' opinion because
19 it was inconsistent with the record and lacked objective support. *Id.* at 25-28.

20       First, Plaintiff asserts that none of the ALJ's reasons are supported by substantial
21 evidence because the ALJ's inconsistency findings lacked specificity. (Dkt. # 12 at 9-10.) This
22 argument is unpersuasive and clearly belied by the record. The ALJ spent several pages
23 discussing Plaintiff's medical history with NP Williams, highlighting her largely normal exam

findings and improvement with treatment. AR at 25-28 (citing *id.* at 704 (no back pain), 868 (reported leg pain was better), 1039 (denied joint pain or pain in legs), 1060 (same), 1132 (normal range of motion), 2467 (reported that branch blocks helped), 2474 (treatment relieved back pain), 2476 (pain dropped from 8/10 to 2/10 with treatment), 2846 (reported that medication controlled pain and improved abilities), 3052-56 (reported that back injection relieved pain by 70%, improving sleep, movement, and activity), 3317-22 (second back injection resulted in 60-65% improvement in pain), 3318 (reported the injections allowed her to stand longer and do more in the kitchen)). The ALJ also noted NP Williams' recommendation that Plaintiff should exercise at least 150 minutes per week and manage her diet as a means to manage pain. *Id.* at 26 (citing *id.* at 2588, 2850, 3056, 3323, 3390). Plaintiff's cursory challenge fails to engage with any of the many reasons the ALJ provided to discount NP Williams' opinion.

  Next, Plaintiff argues that the ALJ cherry-picked normal findings and excluded abnormal findings consistent with NP Williams' opinion, suggesting there is no evidence she improved enough to work full time. (Dkt. # 12 at 9-10.) This argument, absent more, fails to establish error in the ALJ's evaluation. The Ninth Circuit has itself recognized that "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). Furthermore, Plaintiff's summary of NP Williams' clinical findings, unaccompanied by argument, falls short of appellate review requirements. *Putz*, 2022 WL 6943095 at *2. It is not the Court's role to reevaluate the evidence. *Thomas*, 278 F.3d at 957.

ORDER - 7

Last, Plaintiff contends that NP Williams' treatment notes provided sufficient support for her opinion. (Dkt. # 12 at 9-10.) As before, this fails to meaningfully present an argument articulating error in the ALJ's decision. The ALJ explicitly found that NP Williams' opinion was not supported by her own observations and notes. AR at 28. The ALJ noted that NP Williams primarily relied on Plaintiff's complaints and diagnoses without including specific findings. *Id.* For example, the ALJ highlighted that NP Williams' opinion about Plaintiff being off task and absent was based on Plaintiff's self-reported back pain that waxed and waned in severity. *Id.* (citing *id.* at 2079).

In sum, the ALJ identified specific evidence inconsistent with the opinion and found it unsupported. AR at 25-28. The ALJ's evaluation is reasonable and substantial evidence supports the ALJ's findings. Accordingly, the Court affirms the ALJ's decision on this matter.

    4. *Melanie Mitchell, Psy.D.*

Plaintiff asserts the ALJ failed to consider Dr. Mitchell's opinion (dkt. # 12 at 10), but the record paints a different picture. The ALJ referenced "exhibit 4F" in her evaluation of evidence from the Department of Social & Health Services. AR at 27. This exhibit includes Dr. Mitchell's opinion. *Id.* at 810. The ALJ found these opinions unpersuasive because they failed to meet the durational requirements and were inconsistent with Plaintiff's mostly normal psychiatric findings. *Id.* at 27. Substantial evidence supports the ALJ's decision on this matter.

    5. *Russell Madsen, Jr., M.D.*

Plaintiff argues that the ALJ erred by failing to accept Dr. Madsen's opinion that she needs to "*frequently* change position between sitting and standing." (Dkt. # 12 at 10 (emphasis original).) Here, Dr. Madsen reported Plaintiff's impairments "would likely benefit from frequent position changes between seated and standing." AR at 836. The ALJ accommodated

ORDER - 8

this by including a limitation to "change position between sitting and standing in 30-60 minute intervals." *Id.* at 18. Plaintiff's summary challenge fails to demonstrate error in the ALJ's decision. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (RFC sufficiently tracked persuasive opinion even though it did not incorporate it in full). As such, the Court affirms the ALJ's evaluation of Dr. Madsen's opinion.

      6.     *W. Michael Rogers, Psy. D.*

In December 2018, Dr. Rogers provided an evaluation of Plaintiff's mental function limitations. AR at 837-41. The ALJ found this opinion convincing because it was generally consistent with the record, noting that Plaintiff's psychiatric evaluations were consistently within normal limits, including normal mood, affect, and behavior. *Id.* at 23 (citing *id.* at 676, 837-41, 884, 902, 1068, 1132). Moreover, the ALJ explained that Dr. Rogers' opinion was supported by his objective evaluation and consideration of Plaintiff's subjective complaints. *Id.*

Plaintiff argues the ALJ erred because Dr. Rogers' opinion was internally inconsistent, highlighting his observation that Plaintiff could only recall one digit in either direction. (Dkt. # 12 at 11.) Dr. Rogers reported that although Plaintiff's memory functioning was mostly intact, her immediate recall was weak. AR at 841. The ALJ acknowledged this. *Id.* at 23. Plaintiff's mere reference to difficulty fails to demonstrate error in the ALJ's findings. Additionally, Dr. Rogers' notes report that Plaintiff could recall the past three presidents, recall all three objects after a five-minute delay, and recall one digit forward and one digit in reverse. *Id.* at 839. Notably, and in contrast to Plaintiff's argument, this observation does not indicate she was unable to recall more than one digit. Substantial evidence supports the ALJ's decision.

//

//

ORDER - 9

*7.     Other Medical Evidence and Administrative Findings*

Plaintiff dedicates several pages to listing medical findings, asserting that they support her alleged limitations. (Dkt. # 12 at 11-14.) This argument, which is merely a summary of facts without any supporting analysis or reference to case law, does not establish harmful error. *Putz*, 2022 WL 6943095 at *2. Bare assertions and lists of facts, without analysis, do not meet the requirement that Plaintiff present her contentions and reasons with specificity. *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007). To preserve an issue, a party must present contentions, along with reasons; "a bare assertion of an issue does not preserve a claim." *Indep. Towers of Wash.*, 350 F.3d at 929-30.

Plaintiff also disputes the ALJ's decision to give weight to the non-examining findings of Kristine Harrison, Psy.D., and Shawn Horn, Psy.D., arguing that their opinions are inconsistent with her testimony and Dr. Wooden's opinion. (Dkt. # 12 at 14.) This argument is unavailing because Plaintiff failed to show the ALJ erred in discounting either. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). Furthermore, Plaintiff suggests the ALJ's reliance on these opinions is erroneous because the consultants did not review evidence beyond May 2019. (*Id.*) However, the fact that the examining consultants did not review evidence beyond May 2019 does not invalidate the ALJ's decision. Social Security regulations do not impose limits on the time gap between a consultant's report and the ALJ hearing and decision. *See Owen v. Saul*, 808 Fed. Appx. 421, 423 (9th Cir. 2020). The ALJ evaluated the consultants' opinions and found them consistent with the longitudinal record, which includes Plaintiff's benign mental findings, activities, and Dr. Rogers' opinion. AR at 30 (citing *id.* at 107-20, 137-50, 676, 837-41, 884, 902, 1068, 1132). Since Plaintiff's argument does not address the ALJ's reasoning, the Court affirms the ALJ's decision on this matter.

### B. The ALJ Did Not Err in Evaluating Plaintiff's Testimony

The ALJ summarized Plaintiff's allegations and discounted them because her testimony was inconsistent with objective medical evidence, daily activities, and improvement with medication and treatment. AR 17-24. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify "*which* testimony [the ALJ] found not credible" and explain "*which* evidence contradicted that testimony."). The ALJ is not required to "believe every allegation of disabling pain," *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)), or to "perform a line-by-line exegesis" of Plaintiff's testimony. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff argues that the ALJ failed to give legally sufficient reasons for rejecting her testimony for two reasons. (Dkt. # 12 at 14-17.) First, Plaintiff contends the ALJ failed to properly evaluate the medical evidence. (*Id.* at 14-15.) This argument is unavailing because, as explained *supra*, the ALJ did not err in evaluating the objective medical evidence.

Next, Plaintiff spends several pages summarizing her testimony before asserting that the ALJ improperly rejected the summarized testimony and that a reasonable ALJ could have reached a different determination. (Dkt. # 12 at 15-17.) This argument does not identify an error in the ALJ's decision. *Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (noting the court ordinarily will not consider matters that are not specifically and distinctly argued in an appellant's opening brief) (citation omitted); *see also Molina*, 674 F.3d at 1111

ORDER - 11

(burden of showing harmful error falls on the party attacking an agency's determination) (citation omitted). Just because "the ALJ *could* have come to a different conclusion," does not mean the ALJ erred. *Shaibi v. Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017) (emphasis original).

Plaintiff further argues the ALJ erred by not specifically noting which testimony she discounted. (Dkt. ## 12 at 15, 16 at 8.) In evaluating the ALJ's decision, the Court must look "to *all* the pages of the ALJ's decision," *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (emphasis original), and uphold the decision "if the agency's path may reasonably be discerned." *Molina*, 674 F.3d at 1121 (citation omitted). Here, the ALJ considered Plaintiff's mental impairments (AR at 17-18), incorporated her previous analysis of Plaintiff's testimony (*id.* at 19), and evaluated Plaintiff's testimony as part of her discussion of the longitudinal record. *Id.* at 19-30. To be sure, it is preferable for the ALJ to be as explicit as possible in articulating the reasons for a decision, but this is not a case in which the Court must guess at the ALJ's reasoning or provide reasons not set forth. As the Court can discern the ALJ's reasoning, the Court does not find reversible error.

The ALJ found Plaintiff's testimony about experiencing panic attacks in public inconsistent with her ability to go grocery shopping with her son, interact appropriately with others and authority figures, and with treatment notes which consistently described her as pleasant and cooperative. AR at 17-24 (citing *e.g.*, *id.* at 58, 455, 2468). Despite alleging limited socialization and outdoor activity, the ALJ noted that she told a provider that she was "doing okay" and had traveled to Bend in July 2017. *Id.* at 20 (citing *e.g.*, *id.* at 452, 454, 779). Similarly, the ALJ highlighted that Plaintiff reported being capable of self-care, personal hygiene, pet care, and interacting well with caregivers, which contradicted the severe limitations

she testified to. *Id.* at 18. An ALJ may use clear and convincing evidence, including inconsistencies in the medical record and in claimant's statements about her daily activities, to reject the claimant's symptom testimony. *Farlow*, 53 F.4th at 489.

Next, the ALJ determined that Plaintiff's complaints were inconsistent with the objective medical evidence, including treatment notes, medical testing, and examinations. AR at 18-27. For instance, although Plaintiff told Dr. Madsen that she could only sit for 10 minutes before experiencing unbearable pain, the ALJ noted Dr. Madsen observed that Plaintiff was able to sit through a forty-minute exam without distress. *Id.* at 22 (citing *e.g.*, *id.* at 57, 831, 836). Likewise, despite alleging severe anxiety, panic attacks, and difficulty leaving her home, the ALJ noted Plaintiff's psychiatric exam reports consistently observed her as pleasant, cooperative, and having a normal mood and effect without mention of distractibility. *Id.* at 18-24 (citing *e.g.*, *id.* at 676, 807, 821, 834, 875-77, 884, 902, 933-35, 1068, 1180, 1266, 1276, 1749, 2468, 3319). Similarly, despite Plaintiff's allegations of debilitating pain in almost any position, and significant limitations in standing and walking, the ALJ noted numerous normal physical examinations where she reported no back pain, no joint pain, and had a normal range of motion and gait. *Id.* at 20-27 (citing *e.g.*, *id.* at 449, 454-56, 704, 1039, 1068, 1132, 1250, 2454).

Finally, the ALJ noted several instances where Plaintiff reported symptom improvement with medication and treatment. AR at 21-28. Evidence of improvement with treatment is a valid reason for the ALJ to find someone not disabled. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). In this case, the ALJ found that Plaintiff reported significant improvement from steroid injections and branch blocks, and that her medication was helpful in decreasing her pain. AR at 21-28 (citing *e.g.*, *id.* at 704, 868, 1039, 1060, 1132, 1249, 1250, 2451, 2467, 2474, 2476).

The record thus reflects that the ALJ provided specific, rational, and cogent reasons for discounting Plaintiff's testimony, and Plaintiff's conclusory disagreement with the ALJ's reasoning fails to show harmful error or engage with any of the explanations the ALJ provided. Even assuming the evidence is susceptible to more than one reasonable interpretation – the ALJ's and Plaintiff's – the Court is required to uphold the ALJ's decision. *Thomas*, 278 F.3d at 954.

### C. The ALJ Did Not Err in Evaluating Plaintiff's RFC

Plaintiff contends that the ALJ's RFC assessment is insufficient because it does not consider the limitations assessed by Dr. Morgan, Dr. Wooden, NP Williams, Dr. Mitchell, and herself. (Dkt. # 12 at 18.) This argument fails to establish error because the ALJ properly evaluated this evidence, as discussed *supra*. *Stubbs-Danielson*, 539 F.3d at 1175-76.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 5th day of June, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge